**PUBLIC ADM'R OF NEW YORK COUNTY v. BROWNELL.**

United States District Court
S. D. New York.

Sept. 21, 1953.

—————◇—————

Joseph T. Arenson, New York City, for plaintiff.

Dallas S. Townsend, Asst. Atty. Gen., J. Edward Lumbard, U. S. Atty., New York City. James D. Hill, Washington, D. C., Irving Jaffee, Attys., Department of Justice, New York City, for Herbert Brownell, Jr.

DIMOCK, District Judge.

Plaintiff moves for summary judgment directing the return of property

taken from his intestate by the Alien Property Custodian who claimed that the distributees of the estate were "enemies" within the meaning of section 2 of the Trading With the Enemy Act, 50 U.S.C.App. § 2. That section in subdivision (a) classes as an enemy "[a]ny individual * * * of any nationality, resident within the territory (including that occupied by the military and naval forces) of any nation with which the United States is at war, or resident outside the United States and doing business within such territory, * * *." The distributees are Alice and Georg Freimanis, the widow and son of Janis Freimanis, a Latvian shipowner. The vesting orders involved were three, dated respectively August 6, 1943, August 6, 1943, and September 4, 1943. At those times the two distributees were actually living in Germany or German occupied Poland, having left Latvia because of fear, as they allege, of Russian invasion. They maintain, however, that they were not "resident within" Germany or German occupied Poland. Defendant, on the other hand, insists that the facts show an adoption of Germany as their home evidenced by certificates of German citizenship which were issued to them. Each side supports its position with affidavits and documentary evidence. The distributees produce affidavits of friends that it was their desire to get out of Germany to a neutral country and also produce copies of decrees recently issued adjudging that they were never in truth and in fact German citizens. Defendant cites the fact that the distributee Georg Freimanis operated ships while he was in Germany, one of which he had purchased with money brought in from Latvia.

While mere physical presence of a citizen of an enemy country within its territory is insufficient to make him "resident within" it so as to satisfy the definition of "enemy" in the statute, Guessefeldt v. McGrath, 342 U.S. 308, 72 S.Ct. 338, 96 L.Ed. 342, there is undoubtedly an issue of fact, that should be resolved only after hearing witnesses, as to whether the distributees did not voluntarily become resident within Germany or German occupied Poland before the vesting order. Colby v. Klune, 2 Cir., 178 F.2d 872.

Plaintiff's motion for summary judgment for the return of the property must therefore be denied.

Defendant, however, has moved for summary judgment dismissing the complaint on the ground that, even if plaintiff establishes his contention that the distributees never deliberately became resident within Germany or German occupied Poland, he, as a matter of law, cannot succeed. To reach this conclusion defendant argues that there must be residence somewhere and that if distributees' residence was not Germany or German occupied Poland it must have been Latvia which, after the distributees' departure and before the time of the vesting orders, had become German occupied territory.

The proposition that one must have a residence somewhere is unsound. It is true that one must have a domicile somewhere and that if the distributees did not have a domicile in Germany or German occupied Poland they must have had a domicile in Latvia. Restatement, Conflict of Laws, § 23. Domicile in Latvia, however, without residence either within Latvia or Germany or German occupied Poland was not enough to make the distributees enemies within the meaning of the Trading With the Enemy Act. Justice Frankfurter dealt with the concept of domicile in this connection in his opinion in Guessefeldt v. McGrath, 342 U.S. 308, at page 312, 72 S. Ct. 338, at page 341, supra, when he said:

"To hold that 'resident within' enemy territory implies something more than mere physical presence and something less than domicile is consistent with the emanations of Congressional purpose manifested in the entire Act, * * *."

When Justice Frankfurter said that the words "resident within" meant

something more than mere physical presence and something less than domicile, I do not think that he meant to imply that everyone domiciled within an enemy country was resident within it. What I think he meant was that, so long as one was resident within an enemy country, the residence did not have to have all of the attributes of domicile to render the resident an enemy. Actual residence, however, there had to be. Hence defendant cannot base his case on the mere physical presence of the distributees within Germany or German occupied Poland plus their domicile in German occupied Latvia. Defendant is therefore not entitled to summary judgment dismissing the complaint on plaintiff's version of the facts.

Defendant's acceptance of plaintiff's version of the fact is, however, only for the purpose of argument and he makes the alternative point that there is so little substance to plaintiff's version that defendant is entitled to summary judgment on the theory that the facts establish that the distributees' presence is of such character as to constitute residence within the meaning of the statute. I must reject this alternative claim of defendant just as I rejected the similar claim of plaintiff.

█ In addition to invoking the statutory provision as to the effect of residence, defendant makes the point, as to Georg Freimanis, that his business activities in German, and German occupied, territory were such as to make him an enemy as a person "resident outside the United States and doing business within such territory" within the terms of the statute. Plaintiff says that all that Georg did was to support himself and his mother while they were involuntarily detained in German territory and that that was not "doing business". It is not every gainful activity that will constitute "doing business" for the purposes of this definition. That is the effect of the decision in Vowinckel v. First Federal Trust Co., 9 Cir., 10 F.2d 19. Though the point was not discussed in the opinion, the obvious care with which the opinion was prepared is internal evidence that the point could not have been overlooked. In that case the complaint alleged that the plaintiff was a German citizen who returned from the United States to Germany and acted as a Red Cross surgeon in the German army. The Court of Appeals reversed the District Court's dismissal of the complaint saying, 10 F.2d at page 21, that, while it might appear upon the hearing that plaintiff was "an enemy because of his activities in Germany, or because of his relations to the German government or the German army", the fact did not appear on the face of the complaint. So here, while it may appear upon the trial that Georg Freimanis' activities amounted to doing business, there are insufficient uncontroverted facts to permit such a determination on a motion for summary judgment.

Defendant's motion for summary judgment dismissing the complaint is denied.